THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WAG ACQUISITION, L.L.C.,

        Plaintiff,

   v.

FLYING CROCODILE, INC., d/b/a FCI, INC., et al.

        Defendants.

Case No. 2:19-cv-01278-BJR

**MOTION TO STAY**

# I.  INTRODUCTION

Defendants Accretive Technology Group, Inc., ICF Technology Group Inc. and Riser Apps LLC (collectively "Defendants")[1] hereby move the Court to stay this action pending resolution of an *inter partes* review currently pending before the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office ("USPTO").

Plaintiff WAG Acquisition, LLC ("WAG") sued Defendants on April 25, 2014, alleging infringement of United States Patent Nos. 8,122,141 ("'141 patent"), 8,327,011 ("'011 patent"),

---

[1] WAG's complaint also named additional defendants Flying Crocodile, Inc.; FCI, Inc.; and Streamates Limited, as well as Does 1-20.  Flying Crocodile, Inc., FCI, Inc. and Streamates are either defunct entities or never existed.  With respect to the Doe defendants, discovery concerning liability has been complete for over a year, and plaintiff has not sought to amend its complaint to identify these defendants, who should be dismissed.

MOTION TO STAY - 1
CASE NO. 2:19-CV-01278-BJR

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

118105.0044/7965852.1

8,185,611 ("'611 patent") and 8,364,839 ("'839 patent") (collectively, the "patents-in-suit"). The case was one of many filed by WAG in the District of New Jersey asserting infringement of one or more of the patents-in-suit. The instant case was transferred from the District of New Jersey to this Court on August 14, 2019. (Dkt. No.168).[2]  Other than the Court's issuance of three standing orders (Dkt. Nos. 184-186) and WAG's unopposed motion to extend the deadline for the parties to submit a Report Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. No. 187), there has been no substantial activity in this case since the transfer from New Jersey.

WAG is currently asserting claims 10, 14, 15, 17, and 24 of the '141 patent against Defendants. The patentability of four of those five claims is currently subject to an *inter partes* review ("IPR") before the PTAB. IPR2016-01238 (patentability of claims 10-18 under review at PTAB). Because claims 10, 14, 15, and 17 may be found unpatentable by the on-going IPR, a stay of this litigation is warranted. Indeed, two other district courts have stayed similar litigation concerning the '141 patent at least in part due to the pendency of the IPR. *See WAG Acquisitions L.L.C. v. MultiMedia L.L.C.*, case no. CV 19-07076 SJO (GJSx) (Dkt. No. 236) (C.D. Cal. Oct. 28, 2019); *WAG Acquisitions L.L.C. v. Data Conversions, Inc.*, case no. 3:19-cv-00489-MMD-CLB (Docket No. 216) (D. Nev. Nov. 11, 2019).[3]  The stay orders are attached as **Exhibits A** and **B** to the Bodine Declaration, filed herewith.

In light of the pending IPR concerning the '141 patent, Defendants respectfully request a stay of this case pending resolution of the IPR proceeding. Before the transfer, only fact discovery as to liability was completed. While the parties conducted the Rule 26(f) conference, the parties here have yet to submit a Joint Case Management Statement pursuant to Rule 26(f). The deadline for filing that Report was extended at Plaintiff's request. *See* Dkt. No. 187. Significant litigation remains, including claim construction (involving terms in claims 10, 14, 15,

---

[2] Most of the other cases were also transferred at the same time.
[3] A third district court declined to stay the case. *See WAG Acquisitions, L.L.C. v. FriendFinder Networks Inc.*, case no. 3:19-cv-5036 JD (N.D. Cal. Dec. 2, 2019) Dkt. No. 216. See Bodine Decl., **Exh. C**.

MOTION TO STAY - 2
CASE NO. 2:19-CV-01278-BJR

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

118105.0044/7965852.1

and 17, of the '141 patent—all of which are also at issue in the IPR), expert reports and discovery, dispositive motion practice, pre-trial proceedings, and the trial itself. Staying this case now will conserve the Court's and the parties' time and resources, promote judicial economy, result in no undue delay or prejudice, and avoid the potential for inconsistent judgments. All relevant factors favor staying this case.

## II.  THE IPR PROCEEDINGS

In 2017, Defendants joined an already-instituted IPR of the '141 patent, IPR2016-01238, which involved claims 10 through 23 of the '141 patent. On December 26, 2017, the PTAB issued a Final Written Decision invalidating those claims   (IPR2016-101238, Paper 22).  WAG appealed the decision with respect to claims 10 through 18, but did not appeal the final decision concerning claims 19-23. On August 26, 2019, the Federal Circuit vacated and remanded the PTAB's decision based on claim construction.  *WAG Acquisition, LLC v. WebPower, Inc.*, No. 2018-1617, 2019 WL 4011484 (Fed. Cir. 2019).  On November 22, 2019, the parties submitted simultaneous briefs addressing the patentability of these claims in view of the Federal Circuit's claim construction. The issues of the patentability of claims 10 through 18 are now ripe for decision by the PTAB, which is expected by April of 2020.

The IPR discussed above involving the '141 patent was not the only IPR in which claims of one or more of the patents-in-suit were found unpatentable. The table below demonstrates that the PTAB has also found various claims of the '839 patent to have been unpatentable:

| IPR No. | Patent at Issue | Result of IPR | Appeal |
| --- | --- | --- | --- |
| 2015-01036 | '839 patent | Claims 1, 4, 6, 8, 11, 13, 15, 18, and 20 of the '839 patent were *unpatentable* over the Chen patent and the Chen patent file history. Claims 3, 10, and 17 were *unpatentable* over the Chen patent, the Chen file history, and ISO-11172. | WAG did not appeal. |
| IPR 2016-1239 | '839 patent | Claims 5, 12, and 19 of the '839 patent were *unpatentable* over the Chen patent, the Chen file history, and the Willebeek patent. | WAG appealed.  The Court of Appeals for the Federal Circuit *affirmed* the PTAB's ruling of unpatentability without opinion. *See See WAG Acquisition, LLC v. WebPower, Inc.*, 2019 |

MOTION TO STAY - 3
CASE NO. 2:19-CV-01278-BJR

118105.0044/7965852.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

| | | | U.S. App. LEXIS 25497, at *1 (Fed. Cir. Aug. 26, 2019). |
|---|---|---|---|

In light of the success of the other IPRs as stated above, it is likely that the remaining claims of the '141 patent at issue in the pending IPR will also be found unpatentable.

### III. OTHER LITIGATION

As noted above, two district courts have stayed other litigation in which WAG asserts the '141 patent at least in part due to the pendency of the IPR:

- "[A] stay will simplify the issues and streamline trial where six of the nine asserted claims are back before the PTAB on remand." *WAG Acquisitions L.L.C. v. MultiMedia L.L.C.*, case no. CV 19-07076 SJO (GJSx) (Dkt. No. 236) (C.D. Cal. Oct. 28, 2019). *See* Bodine Decl., Exh. A at 1.

- "[T]he Court will largely grant the parties the relief they jointly seek in the status report. More specifically, the Court will stay this case pending mediation and the resolution of IPR2016-01238 (the 'IPR')." *WAG Acquisitions L.L.C. v. Data Conversions, Inc.*, case no. 3:19-cv-00489-MMD-CLB (Docket No. 216) (D. Nev. Nov. 11, 2019). *See* Bodine Decl., Exh. B at 1.

In one pending litigation, however, the Court declined to stay the case in light of the pending IPR. *See WAG Acquisitions L.L.C. v. FriendFinder Networks Inc.*, case no. 3:19-cv-05036-JD (N.D. Cal. Dec. 19, 2019) (Bodine Decl., Exh. C). After considering the motion, the *FriendFinder* court required the parties to meet and confer with the Defendants to see if all parties would agree to (1) having one Court address issues of claim construction, (2) having all parties participate in that proceeding, and (3) deciding which case was most ripe for decision. The parties to the *FriendFinder* case were directed to file a report with the Court concerning the meet and confer with all parties. On December 30, 2019, the parties to the *FriendFinder* matter filed a Joint Statement for Coordinating Discovery, Invalidity Motions and Claim Construction. *Id.* Exh. 4 at 1 (Docket No. 218) (hereinafter "Joint Statement for Coordinating"). A copy of the Joint Statement for Coordinating is attached as **Exhibit D** to the Bodine Declaration.

MOTION TO STAY - 4
CASE NO. 2:19-CV-01278-BJR

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

118105.0044/7965852.1

Of importance to the instant motion, in the Joint Statement for Coordinating, WAG asserted that the Court in the Northern District of California should be the "lead court" in the various WAG litigations and that the *FriendFinder* case "is the most ripe to move forward":

> WAG proposed that this Court [the *FriendFinder* court] be the "lead court" as this case involves all four of the Patents-in-Suit and almost all of the asserted claims will be asserted in the instant action. And with the Court's denial of FFN's Motion to Stay (Dkt. No. 216), this case is the most ripe to move forward. No Defendant has asserted that there is a case more ripe for moving forward.

Joint Statement for Coordinating (Exh. D) at 4. After receiving the Joint Statement for Coordinating, the *FriendFinder* Court scheduled a status conference for February 27, 2020, presumably to discuss the possible consolidation of the cases. *See WAG Acquisitions L.L.C. v. FriendFinder Networks Inc.*, case no. 3:19-cv-05036-JD (N.D. Cal. Dec. 19, 2019) (Dkt. No. 220).[4] If the *FriendFinder* Court adopts WAG's positions, then it makes little sense to push forward with the instant case, thereby squandering scarce judicial resources as well as the resources of the parties.

## IV.  LEGAL STANDARDS

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Supercell Oy v. Rothschild Digital Media Innovations L.L.C.*, case no. C15-1119-JLR, 2016 WL 9226493 at *2 (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)). Indeed, multiple cases in this district—including the *Supercell* case—have been stayed pending the completion of an IPR. *See id.* at *6 (granting motion to stay because "[t]his case remains in its early stages, a stay would likely simplify the issues in this case, and a stay would not unduly prejudice Supercell or place it at a clear tactical disadvantage"). Courts in the Ninth Circuit and in this district "often grant stays pending [the] IPR process in light of the 'liberal policy in favor of granting motions to stay proceedings pending the outcome of [PTO] reexamination or reissuance proceedings.'" *Id.* at *2

---

[4] The Court's entry on the docket reads as follows: "ORDER. A status conference is set for February 27, 2020, at 10:00 a.m. Signed by Judge James Donato on 1/10/2020. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jdlc1S, COURT STAFF) (Filed on 1/10/2020) (Entered: 01/10/2020)."

MOTION TO STAY - 5
CASE NO. 2:19-CV-01278-BJR

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

118105.0044/7965852.1

(collecting cases); *see also SRC Labs, LLC v. Microsoft Corp.*, case no. C18-0321-JLR, 2018 WL 6065635 (Nov. 20, 2018) (staying case based on filed IPRs); *SRC Labs, LLC v. Amazon Web Services, Inc.*, case no. C18-0317-JLR, 2018 WL 6201489 (Nov. 28, 2018) (same).[5]

"To determine whether to grant such a stay, the court considers '(1) whether a stay will simplify the issues in question and the trial of the case[s], (2) whether discovery is complete and whether ... trial date[s] ha[ve] already been set, and (3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party.'" *Supercell*, 2016 WL 9226493 at *2 (quoting *Pac. Bioscience Labs., Inc. v. Pretika Corp.*, 760 F. Supp. 2d 1061, 1063 (W.D. Wash. 2011)).

## V.  ARGUMENT

As discussed below, each of the factors cited above weighs strongly in favor of granting a stay in this case.

**A.**  *The Stage of the Litigation Favors a Stay.*

The early stage of this litigation favors staying the case until after the PTAB finally determines whether various claims of the '141 patent that WAG asserts in this litigation are unpatentable.  Despite the age of this case, substantial work remains to be done.  While discovery concerning liability is nearly complete, the claim construction process is in its infancy. While the parties have exchanged preliminary claim construction positions, no briefing has been submitted to the Court.  In addition, the Court has not set a schedule for briefing on claim construction, and a *Markman* hearing has not been scheduled.  Damages discovery was previously bifurcated and has not begun. No dispositive motions have been filed, nor has the Court set a trial date.

In *Supercell*, the Court found that the early stage of the case weighed in favor of a stay because, among other things, claim construction briefing had not been submitted, the claim construction hearing was four months away, and the trial had not yet been scheduled.  *See*

---

[5] In *Cascade Designs Inc. v. Thunder Box Inc.*, case no. C15-987-MJP (W.D. Wash. Aug. 30, 2016), the Court denied a motion to stay because, while the defendant had sought an IPR concerning the patent-in-suit, the PTAB had not instituted an IPR and was unlikely to make a decision on institution for up to six months. 2016 WL 10591397 at *3.  Thus, *Cascade Designs* is distinguishable because in the instant case the IPR is on-going.

MOTION TO STAY - 6
CASE NO. 2:19-CV-01278-BJR

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

118105.0044/7965852.1

*Supercell*, 2016 WL 9226493 at *2.  Similarly, in *SRC Labs. v. Microsoft*, the court found that the case was in its early stages because, while document discovery and written discovery had occurred, the parties had not filed claim construction documents, the *Markman* hearing was two months away, and the trial was a year away.  *SRC Labs. v. Microsoft*, 2018 WL 6065635 at *4.

As in the *Supercell* and *SRC Labs v. Microsoft* cases, the instant case is in its initial stages. While liability discovery has been taken, this fact alone does not suggest that the case is in an advanced stage.  *See SRC Labs. v. Microsoft*, 2018 WL 6065635 at *4 (collecting cases and explaining that "the fact that substantial additional discovery, claim construction, and other issues lie ahead in this case weighs in favor of a stay").  In fact, in this case expert witness statements on claim construction, discovery concerning claim construction, and damages discovery have not begun.  The schedule for *Markman* briefing is not set, and neither the *Markman* hearing nor trial dates have been scheduled.  In such circumstances, this factor weighs in favor of a stay.

**B.**     *A Stay Will Simplify the Case.*

Staying the case will allow the PTAB to decide whether claims of the '141 patent at issue in this case are unpatentable, thereby simplifying the issues and the trial of this case.  "The standard is simplification of the district court case, not complete elimination of it by the PTAB." *See Supercell*, 2016 WL 9226493 at *3-*4 (citations omitted).

Four out of the five claims of the '141 patent that WAG asserts are infringed by Defendants in this case are at issue in the IPR.  A decision by the PTAB that those claims are unpatentable will eliminate all but one of the claims of the '141 patent, thereby simplifying summary judgment motions and, if necessary, trial.  And the history of the PTAB finding claims within the WAG patent family to be unpatentable in other IPRs and having those rulings either affirmed on appeal or not appealed by WAG at all, *see* Section II, *supra*, suggests that the PTAB will find that claims 10 through 18 are unpatentable.  But even a contrary ruling by the PTAB will simplify issues because Defendants will be precluded by waiver from presenting certain invalidity arguments based on the outcome of the IPR.  In any event, the PTAB's ruling in the IPR is likely to be instructive to claim construction issues that will be raised in the *Markman*

MOTION TO STAY - 7
CASE NO. 2:19-CV-01278-BJR

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

118105.0044/7965852.1

briefing and hearing.

A stay is further warranted because claim terms from the '011 patent and the other patents-in-suit are similar to claim terms in the '141 patent. The '011 patent issued from a continuation application of the application that issued as the '141 patent and has an identical specification. Many terms in the asserted claims of the '141 patent also appear in the asserted claims of the other patents-in-suit (e.g., the claim terms "rate at which said streaming media is played back by a user" or "rate at which the media data elements are to be played out by the media player" or "playback rate" appear in the asserted claims of the '611, '839, and '011 patents, respectively). Given the overlap in issues between the patents-in-suit, allowing this case to proceed in a piecemeal fashion could lead to conflicting treatment of the patents-in-suit in discovery and claim construction. *See Finjan, Inc. v. Palo Alto Networks, Inc.*, No. 14-cv-04908-PJH, 2016 U.S. Dist. LEXIS 69363, at *3 (N.D. Cal. May 26, 2016).

The results of the pending IPR—which are expected in April of this year—are likely to simplify the issues in this litigation. This factor weighs in favor of a stay.

**C.** *WAG Will Not Be Unduly Prejudiced if a Stay Is Entered.*

A stay will not unduly prejudice WAG in this case. "Courts, including this one, 'have found that mere delay does not demonstrate undue prejudice.'" *SRC Labs. v. Microsoft*, 2018 WL 6065635 at *4 (*quoting Implicit Networks, Inc. v. Advanced Micro Devices, Inc.*, No. C08-0184-JLR, 2009 WL 357902, at *3 (W.D. Wash. Feb. 9, 2009)). No undue prejudice can be found unless the plaintiff shows some prejudice beyond the delay that is necessarily inherent in a stay. *See Supercell*, 2016 WL 9226493 at *5 ("This type of prejudice, however, is a garden-variety harm that attends all delays in litigation.").

In this case, WAG will not be unduly prejudiced if the case is stayed. WAG and the Defendants are not competitors, which weighs in favor of a stay. *Cf. SRC Labs. v. Microsoft*, 2018 WL 6065635 at *4 (While "'[c]ourts are hesitant to grant a stay if the parties are direct competitors," the court granted the stay even though the plaintiff's sister company may suffer prejudice.). Here, given that fact discovery concerning liability is nearly complete, WAG will

MOTION TO STAY - 8
CASE NO. 2:19-CV-01278-BJR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

118105.0044/7965852.1

not suffer prejudice. *See id.* at *5 (stating that the third factor weighs in favor of a stay because "Plaintiffs do not point to any evidence or testimony that could be lost due to a stay—even an extended one"). This factor also weighs in favor of a stay.

Because all three factors weigh in favor of granting a stay, Defendants respectfully request that the Court stay this matter until the PTAB resolves the issue of the unpatentability of claims 10 through 18 of the '141 patent.

Pursuant to the Court's Standing Order (Dkt. No. 187), the undersigned counsel certifies that on February 12, 2020, he conferred with counsel for Plaintiff concerning the filing of this motion to stay. While the parties discussed the possibility of a stay, no agreement as to a stay was reached.

Respectfully submitted.

DATED:  February 13, 2020

LANE POWELL PC

By */s/Brian G. Bodine*
Brian G. Bodine, WSBA No. 22414
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA  98111-9402
Telephone: 206.223.7000
Facsimile: 206.223.7107
Email:  bodineb@lanepowell.com
Attorneys for Defendants Accretive Technology Group, Inc.; ICF Technology Group Inc.; and Riser Apps LLC

MOTION TO STAY - 9
CASE NO. 2:19-CV-01278-BJR

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

118105.0044/7965852.1

## CERTIFICATE OF SERVICE

I hereby certify that on the date given below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

DATED this 13th day of February, 2020, at Seattle, Washington.

*/s/ Brian G. Bodine*
Brian G. Bodine

MOTION TO STAY - 10
CASE NO. 2:19-CV-01278-BJR

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

118105.0044/7965852.1