UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WAG ACQUISITION, L.L.C., <br><br> *Plaintiff,* <br><br> v. <br><br> FLYING CROCODILE, INC., d/b/a/ FCI, INC., et al., <br><br> *Defendants.* | CASE NO. 2:19-cv-01278-BJR <br><br> ORDER GRANTING DEFENDANTS' MOTION TO STAY |

Before the Court is Defendants' Motion to Stay during the pendency of an *inter partes* review ("IPR") of several of the claims for one of the four patents at issue in this case. Dkt. No. 189. Defendants assert that a stay is appropriate as the IPR may eliminate these claims, simplifying the rest of the proceedings. Plaintiff opposes a stay, stressing that the matter has been pending since 2014, with much left to resolve. Dkt. No. 209.

This case is one of several in which Plaintiff claims infringement of its patents. The matter was transferred to this Court in August of 2019 from the District of New Jersey. *See* Dkt. No. 168. "Courts in the Ninth Circuit 'often grant stays pending [the] IPR process in light of the liberal policy in favor of granting motions to stay proceedings pending the outcome of [PTO]

1

reexamination or reissuance proceedings.'" *Supercell Oy v. Rothschild Digital Media Innovations, LLC*, No. 15-cv-1119, 2016 WL 9226493, at *2 (W.D. Wash. July 28, 2016) (quoting *Roche Molecular Sys., Inc. v. Cepheid*, No. 14-cv-3228, 2015 WL 124523, at *3 (N.D. Cal. Jan. 7, 2015)); *see also Pac. Bioscience Labs., Inc. v. Pretika Corp.*, 760 F. Supp. 2d 1061, 1063 (W.D. Wash. 2011) ("[a] district court has the discretion to stay judicial proceedings pending reexamination of a patent by the [U.S. Patent and Trade Office]"). Three other districts with related cases have granted stays. Dkt. No. 191-1, 191-2, 211.

In deciding whether to stay a case in favor of an IPR review, courts examine three factors: "(1) whether a stay will simplify the issues in question and the trial of the case, (2) whether discovery is complete and whether a trial date has already been set, and (3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Pac. Bioscience Labs.*, 760 F. Supp. 2d at 1063 (citing *Wre–Hol, LLC v. Pharos Science & Applications*, No. 09-cv-1642, 2010 WL 2985685, at *2 (W.D. Wash. July 23, 2010).

The Court finds a stay is appropriate. First, the Patent Trial and Appeal Board ("PTAB")'s decision has the potential to simplify both discovery and the remaining issues in this case. Secondly, despite its age, this matter is at a relatively early stage in litigation. While factual discovery is complete, no schedule has been set for the remainder of the proceedings. Finally, the parties have represented to the Court that the stay would be relatively brief as the PTAB is expected to hand down its decision on the IPR in April. *See* Dkt. No. 189 at 3; Dkt. No. 209 at 2.

Therefore, the Court hereby GRANTS Defendants' motion. The parties are hereby ORDERED to submit a joint status report within one week of the PTAB's decision. The report

shall include a summary of the PTAB's decision, an explanation of the remaining scope of this matter, and a new proposed schedule to govern the remaining claims.

DATED this 19th day of March, 2020.

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE