UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WAG ACQUISITION, L.L.C., | CASE NO. 2:19-cv-01278-BJR |
| *Plaintiff,* | |
| v. | SCHEDULING ORDER |
| FLYING CROCODILE, INC., d/b/a/ FCI, INC., et al., | |
| *Defendants.* | |

The Court is in receipt of the parties' Joint Status Report and Discovery Plan. Dkt. No. 215. The Report presents the Court with a proposed schedule (including some minor disputes), an unresolved dispute over bifurcation of discovery, and a request to adopt several discovery-related limitations. Based on its review of the Report, the Court will order as follows.

First, the Report provides a proposed schedule with some minor dates in dispute. *Id.* at 11–14. The Court will set the deadlines as follows

| Milestone | Deadline |
|---|---|
| Defendants' Motion to Stay if WAG appeals | September 18, 2020 |
| WAG's Response to Motion to Stay | September 25, 2020 |
| Defendants' Reply in Support of | September 30, 2020 |

1

| Motion to Stay | |
|---|---|
| Defendants to produce HLS source code modification for WAG review in New York | October 2, 2020 |
| WAG to serve supplemental disclosure of asserted claims and infringement contentions and motion to amend infringement contentions | October 14, 2020 |
| Defendants to serve supplemental invalidity (and accompanying document production) and motion to amend invalidity contentions | November 12, 2020 |
| Defendants to file motion for leave to amend answer and counterclaim re inequitable conduct, including motion to compel Abramson deposition | November 12, 2020 |
| Parties to exchange amended proposed constructions and extrinsic evidence | December 9, 2020 |
| Parties to submit joint claim construction and prehearing statement | January 15, 2021 |
| Expert disclosures on claim construction | January 15, 2021 |
| Completion of claim construction discovery, including experts | February 24, 2021 |
| File opening claim construction briefs | March 24, 2021 |
| File responding claim construction briefs | April 14, 2021 |

The Court will reserve setting a date for the filing of a motion by Defendants on invalidity based on indefiniteness and ineligibility based on 35 U.S.C. §101 until after claim construction. The Court will schedule claim construction and a technical hearing after claim construction briefing has been submitted. The Court will schedule the remaining requested deadlines after it rules on claim construction.

Sections of the Report also suggest that Plaintiff wishes to challenge the bifurcation of discovery ordered by the transferring Court, Dkt. No. 93, now that the case is before this Court. *See* Dkt. No. 215 at 24–5. The Court requires additional briefing to determine whether an end to bifurcation is appropriate. Plaintiff shall submit a motion together with its brief on that subject no later than October 3, 2020. Defendants shall respond no later than October 24, 2020 and Plaintiff may reply in support of its motion no later than November 8, 2020.

Finally, the parties ask the Court to adopt the transferring Court's e-discovery order, Dkt. No. 58, Fed. R. Evid. 502(d) Order, Dkt. No. 59, and Discovery Confidentiality Order, Dkt. No. 83. Dkt No. 215 at 16, 23. This Court hereby adopts those orders. The parties also ask the Court to adopt several stipulated limitations on discovery, including:

1. Document requests: Each side may serve up to 15 document requests.
2. Requests for Admissions: Each side may serve up to 10 requests for admission.
3. Interrogatories: Each side may serve up to 15 interrogatories.
4. 30(b)(6) and 30(b)(1) Depositions: Each side may take up to 25 hours of deposition testimony of 30(b)(1) and 30(b)(6) witnesses. With respect to a 30(b)(6) witness, the minimum counted time for deposing a specific 30(b)(6) witness is 3 hours. So long as the total amount of time does not exceed 25 hours, there is no limitation to the number of hours to be taken of a specific defendant.
5. Third-party damages fact witnesses: Each side may take up to 15 hours deposition testimony of third-party damages fact witnesses.
6. The parties have previously agreed that they are not required to include in their privilege logs any protected documents that came into existence on or before the Plaintiff filed its original Complaint in this action.
7. An expert who submits a report or declaration on behalf of a side may be deposed for 7 hours by the opposing side regarding each such report or declaration, subject to the following limitations. An expert who submits more than one report involving more than one issue on behalf of a side may be deposed for 3 hours plus 4 hours per report. For example, an expert who submits an expert report only on the issue of infringement is limited to 7 hours of deposition time, while an expert who submits expert reports on the issues of infringement and validity is limited to 11 hours of deposition time, with no more than 7 hours devoted to each report.

*Id.* at 15–16.

The Court hereby adopts these limitations.

SO ORDERED.

DATED this 6th day of August, 2020.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE