1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

WAG ACQUISITION, LLC,

9

                              Plaintiff,

10

       v.

11

FLYING CROCODILE, INC. et al.,

12

                              Defendants.

No.  2:19-CV-1278-BJR

ORDER ON DEFENDANTS' MOTION
TO STAY

13

14       This matter is before the Court on Defendants' motion to stay claim construction

15 proceedings and a *Markman* hearing pending the resolution of requests for *ex parte*

16 reexamination of the patents at issue in this case.  Dkt. No. 274.  Having reviewed the materials

17 submitted by the parties, the Court GRANTS Defendants' motion.  The reasons for the Court's

18 decision are set forth below.

19                          **I.       Background**

20       Plaintiff WAG Acquisition, LLC provides Internet broadcasting services for live and on-

21 demand audio and video program material.  On April 25, 2014, Plaintiff filed this case in the

22 U.S. District Court for the District of New Jersey.  Plaintiff alleges that Defendants[1] have

23 infringed four of its patents, each of which relates to streaming media technology:  (1) Patent No.

24

25

26

---

[1] By stipulation of the parties, the remaining Defendants in this matter are: (1) Accretive Technology Group, Inc. (ATG); (2) ICF Technology, Inc. (ICF); and (3) Riser Apps LLC.

ORDER - 1

8,122,141 (the '141 patent); (2) Patent No. 8,185,611 (the '611 patent); (3) Patent No. 8,327,011 (the '011 patent); and (4) Patent No. 8,364,839 (the '839 patent).

On October 6, 2014, U.S. District Judge Esther Salas consolidated this case for discovery purposes with several other lawsuits that Plaintiff had filed in the District of New Jersey against other defendants concerning one or more of the same patents.  On July 28, 2017, the defendants in the consolidated cases filed a joint motion to dismiss or, in the alternative, to transfer venue.

On August 13, 2019, Judge Salas denied the defendants' motion to dismiss the consolidated cases, but granted their motion to transfer venue in six of the seven consolidated cases.  Pursuant to Judge Salas's order, this case was transferred to the Western District of Washington.  Other cases were transferred to the Northern District of California, the Central District of California, the District of Nevada, the Western District of Texas, and the Southern District of Florida, while one case remained in the District of New Jersey.

On March 19, 2020, this Court granted Defendants' motion to stay the case during the pendency of an *inter partes* review of one of the patents at issue (the '141 patent).  The Patent Trial and Appeal Board issued a decision on July 16, 2020, which held that several claims in the '141 patent were unpatentable.

On August 6, 2020, the Court issued a scheduling order that set a case schedule through the completion of claim construction briefing and reserved setting additional deadlines until the Court issued a claim construction ruling.  On July 2, 2021, the Court issued an order on several pending motions in the case, including an order granting Plaintiff's motion to end the bifurcation of liability and damages discovery in this case.

Consistent with the Court's scheduling order, the parties completed their briefing on claim construction.  However, before the Court scheduled a *Markman* hearing, Defendants filed the pending motion to stay further proceedings on claim construction and the *Markman* hearing.

Defendants' motion to stay is based on requests for *ex parte* reexamination of the patents-in-suit that were filed with the United States Patent and Trademark Office (USPTO) by the defendants in *WAG Acquisition, LLC v. FriendFinder Networks, Inc.*, No. 19-cv-05036-JD (N.D. Cal.)  (hereinafter "*FriendFinder*").  The *FriendFinder* case was previously consolidated with this case in the District of New Jersey, and concerns the same patents at issue in this case.

FriendFinder and its co-defendant Streamray Inc. submitted requests with the USPTO for *ex parte* reexamination of the patents at issue in this case on August 25, 2021.  Since the time that Defendants filed the pending motion to stay, the USPTO has granted the requests by FriendFinder and Streamray for *ex parte* reexamination of three of the four patents (the '011, '141, and '839 patents).  On November 12, 2021, the USPTO denied the request for *ex parte* reexamination of the fourth patent at issue (the '611 patent).  However, Defendants have filed a notice of supplemental authority indicating that on December 10, 2021, FriendFinder and Streamway filed a petition for review of the examiner's decision denying *ex parte* reexamination of the '611 patent.[2]

## II.    Discussion

"A district court has the discretion to stay judicial proceedings pending reexamination of a patent by the USPTO."  *Pacific Bioscience Labs., Inc. v. Pretika Corp.*, 760 F. Supp. 2d 1061,

---

[2] The Court takes judicial notice that on December 23, 2021, U.S. District Judge James Donato issued an order staying the *FriendFinder* case in light of the pending *ex parte* reexaminations.  *FriendFinder*, Dkt. No. 233 (N.D. Cal. Dec. 23, 2021).  Of the seven cases that were previously consolidated before Judge Salas in the District of New Jersey, it appears from court records that only this case and the *FriendFinder* case are still being litigated.

ORDER - 3

1063 (W.D. Wash. 2011).  In determining whether to grant a motion to stay proceedings pending

reexamination, the court considers: "(1) whether a stay will simplify the issues in question and

the trial of the case, (2) whether discovery is complete and whether a trial date has already been

set, and (3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the

non-moving party."  *Id.*

A.    **Whether a Stay Will Simplify Issues**

Defendants argue that a stay of claim construction proceedings and the *Markman* hearing

will simplify the issues in this case because the pending *ex parte* reexamination: (1) has the

potential to reduce the number of claims at issue; (2) will allow the Court to evaluate the fully

developed intrinsic record; and (3) will provide the Court with "the benefit of USPTO's

expertise, analysis of the asserted claims, and evaluation of the prior art."  Dkt. No. 274 at 4.

Plaintiff argues that a stay is unlikely to simplify the issues in this case, arguing that the patents-

in-suit have already been subject to prior *inter partes* reviews (IPRs).  Plaintiff also points to

USPTO statistics indicate that only 14 percent of reexamination requests filed by third-party

requestors result in all claims in a patent being cancelled.[3]

The Court finds Defendants' arguments more persuasive.  The pending reexamination of

at least three of the patents-in-suit has the potential to reduce the number of claims at issue and to

simplify this case.  Although the patents at issue have been subject to prior IPR proceedings,

Defendants correctly note that the USPTO grants an *ex parte* reexamination request only when it

finds substantial new questions of patentability.  And while Plaintiff notes that USPTO statistics

---

[3] Plaintiff also suggests that a stay is unlikely to simplify issues because if the USPTO reaffirms the validity of the patents-in-suit during reexamination, Defendants will still remain free to challenge the validity of the patents in this action.  However, other courts have found this argument unpersuasive in determining whether to stay litigation pending reexamination.  *See Pacific Bioscience*, 760 F. Supp. 2d at 1065-66.

ORDER - 4

indicate that *ex parte* reexaminations do not often result in all claims in a patent being cancelled, Defendants note that USPTO statistics indicate that 64.4 percent of such reexaminations result in claims being changed and 14.2 percent result in all claims being canceled.  In any case, as Defendants observe, "[t]he standard is simplification of the district court case, not complete elimination of it . . . ."  *LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13-cv-01393-JD, 2014 WL 2879851, at *3 (N.D. Cal. June 24, 2014).  Therefore, the Court finds that this factor weighs in favor of Defendants' request for a stay.

**B.    Stage of the Litigation**

The Court must next consider "whether discovery is complete and whether a trial date has already been set."  *Pacific Bioscience*, 760 F. Supp. 2d at 1063.  The Court finds that this factor weighs in favor of a stay.  Although fact discovery related to liability has been completed, fact discovery related to damages is not yet complete, nor have the parties yet conducted expert discovery.  In addition, the Court has not yet set a trial date, but instead previously indicated that it would schedule the remaining deadlines in this case after ruling on claim construction.  Dkt. No. 216.

**C.    Undue Prejudice to Plaintiff**

Finally, the Court must consider "whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party."  *Pacific Bioscience*, 760 F. Supp. 2d at 1063. Plaintiff suggests that a stay premised on reexamination will suffer from "interminable delays, since the reexamination process will include not only up to two rounds of Office Actions and Replies with the Examiner, but potentially appeal to the PTAB, and further appeal to the Federal Circuit."  Dkt. No. 275 at 7.  Plaintiff also points to a statistic from the USPTO indicating that

ORDER - 5

the average pendency of an *ex parte* reexamination request is 25.7 months from the filing date to the certificate issue date.  Dkt. No. 274-5 at 3.

However, as Defendants note, courts have held that "mere delay does not demonstrate undue prejudice."  *SRC Labs. v. Microsoft Corp.*, No. C18-0321JLR, 2018 WL 6065635, at *4 (W.D. Wash. Nov. 20, 2018).  Defendants also note that the potential prejudice resulting from a stay is of less concern in cases where, as here, the parties are not competitors.  *Id.*  Furthermore, Defendants point out that only Plaintiff will have the ability to appeal decisions on the pending requests for *ex parte* reexamination.  *See* U.S. Patent & Trademark Office, *Manual of Patent Examining Procedure* § 2273 ("A patent owner who is dissatisfied with the primary examiner's decision to reject claims in an *ex parte* reexamination proceeding may appeal to the Board for review of the examiner's rejection by filing a notice of appeal within the required time. A third party requester may not appeal, and may not participate in the patent owner's appeal.").

Therefore, the Court finds that Plaintiff would not suffer undue prejudice or a clear tactical disadvantage if the Court grants Defendant's motion to stay claim construction and a *Markman* hearing pending the outcome of the pending requests for reexamination of the patents at issue.

### III.    Conclusion

For the foregoing reasons, the Court GRANTS Defendant's motion to stay.  Dkt. No. 274.  The Court ORDERS that the claim construction and *Markman* phase of this litigation are STAYED pending the outcome of the current requests for reexamination of the patents-in-suit.

The Court directs the parties to submit a joint status report to the Court every six months from the date of this Order to inform the Court of the status of the current requests for reexamination of the patents-in-suit.  The parties are further directed to notify the Court within

ORDER - 6

fourteen days after all of the current requests for reexamination of the patents-in-suit are resolved.

DATED:   December 28, 2021

*Barbara J Rothstein*

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER - 7