UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WAG ACQUISITION, L.L.C.,<br><br>        Plaintiff,<br> v.<br><br>FLYING CROCODILE, INC., d/b/a FCI, INC., et al.,<br><br>        Defendants. | No. 2:19-cv-01278-BJR<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION TO STRIKE ERRATA AND GRANTING THE PARTIES' MOTIONS TO SEAL |

## I.  **INTRODUCTION**

This is a patent infringement lawsuit.  Presently before the Court is Defendants' motion to strike portions of the errata sheet submitted by Plaintiff WAG Acquisition, L.L.C. ("Plaintiff" or "WAG") correcting various deposition testimony of William Grywalski.  ("Motion to Strike" or "Mot.," Dkt. 298).  Also before the Court are the parties' motions to seal/redact the exhibits submitted by them, in support of and against the Motion to Strike, containing that testimony.  Dkts. 297, 301.  Having reviewed the motions, the record of the case, and the relevant legal authorities, the Court GRANTS in part Defendants' Motion to Strike and GRANTS the parties' motions to seal/redact.  The reasoning for the Court's decision follows.

ORDER - 1

## II. DISCUSSION

### A. Defendants' Motion to Strike

Defendants ask the Court to strike 30 different entries in an errata sheet to the deposition transcript of William Grywalski, WAG's president and its 30(b)(6) witness on damages. In support of their motion, Defendants submit – as directed by the Court in its September 21 Order (Dkt. 296) – a chart identifying each errata entry they seek to strike (the "Chart," Dkt. 299-1). Plaintiff submits, with its opposition ("Opposition" or "Opp.," Dkt. 300), a modified version of the Chart (Dkt. 302) setting forth its position as to why each of its errata corrections are justified.

Rule 30(e) of the Federal Rules of Civil Procedure permits a deponent to make changes to the form and substance of his deposition testimony through an errata sheet. However, an errata sheet "is to be used for corrective, and not contradictory, changes." *Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1226 (9th Cir. 2005). As such, "a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription." *Campagnolo S.r.l v. Full Speed Ahead, Inc.*, No. 08-cv-1372, 2010 WL 11527379, at *2 (W.D. Wash. May 4, 2010) (quoting *Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000)).

The first category of errata corrections encompass answers Grywalski provided to questions concerning the terms of settlement agreements upon which WAG will seek to rely at trial to support its damages claim (Chart Nos. 1-5, 7-8, 15, 18, and 27). Plaintiff's errata sheet changes Grywalski's answers from statements that he lacks knowledge as to any such reliance (*e.g.*, No. 1 ("I have no idea")) to the following: "My understanding is that WAG's damages expert may use at trial the terms of this and other settlement agreements to support their opinion as to an appropriate reasonable royalty and damages amount." Plaintiff argues that these changes are

ORDER - 2

permissible because (1) the questions were objectionable given that Grywalski "is neither a lawyer nor an economic expert," (2) Grwalski was confused as to the terms of the settlement agreements upon which WAG may rely, and (3) "none of these corrections goes to an issue of material fact" that could permit Plaintiff to evade summary judgment. Opp. at 4-5.

Plaintiff's newly manufactured answer – repeated 10 times in the errata sheet – impermissibly contradicts Grywalski's repeatedly stated lack of knowledge. Moreover, Plaintiff's attempts to justify the errata corrections lack merit. First, to the extent the deposition questions were objectionable, the correct procedure is to lodge an objection rather than to change the deponent's answers. Second, the deposition transcript does not indicate that Grywalski was confused by the questions posed by Defendants' counsel, and in all events, "[a] deposition is not a take home examination." *Hambleton Bros. Lumber*, 397 F.3d at 1225 (quoting *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n.5 (10th Cir.2002)). Third, "[e]ven where a court finds that errata are not shams" used to evade summary judgment, "the court may still strike portions that constitute contradictory rather than corrective changes." *Karpenski v. Am. Gen. Life Companies, LLC*, 999 F. Supp. 2d 1218, 1224 (W.D. Wash. 2014). Therefore, the Court strikes Plaintiff's errata changes identified as Chart Numbers 1-5, 7-8, 15, 18, and 27.

The second category relates to answers Grywalski provided about various aspects of the settlement agreements themselves (Chart Nos. 10-14, 16, 25-26). Contrary to Plaintiff's contention that the errata corrections "merely seek to elaborate upon answers he provided at deposition," the changes – similar to the previous category – transform Grywalski's stated lack of knowledge about those agreements (*e.g.*, No. 11 ("I don't know how they came up with that. And WAG does not know.")) into artful explanations about them. Again, these types of changes do not constitute "elaborations," but instead impermissibly contradict Grywalski's stated lack of

ORDER - 3

knowledge. *See Blair v. CBE Grp. Inc.*, No. 13-cv-00134, 2015 WL 3397629, at *6 (S.D. Cal. May 26, 2015) ("to survive, the errata must, at minimum, still be 'corrective,' targeted at ameliorating some defect, not new and more 'artful responses' to questions previously propounded" (quoting *Garcia*, 299 F.3d at 1242 n.5)). Accordingly, the Court strikes the errata changes identified as Chart Numbers 10-14, 16, and 25-26.

The third category relates to Grywalski's testimony concerning WAG's role in negotiating certain settlement agreements (Chart Nos. 19 and 21-23). Specifically, Grywalski testified that WAG had no input into those agreements (as in Chart Nos. 19 and 21-22) or that WAG had not provided its counsel with directions concerning them (as in Chart No. 23). Through its errata sheet, Plaintiff replaces Grywalski's testimony to state that "WAG consulted with [its] attorneys regarding settlement key provisions …." These changes are impermissible as they either contradict Grywalski's testimony or replace it with substantively new answers. *See Macy v. Waterford Operations, LLC*, No. 1:16-cv-01675, 2017 WL 5668003, at *2 (D. Or. Nov. 27, 2017) ("a deposition correction should not be used to substantively bolster or change answers"). Therefore, the Court strikes the errata changes identified as Chart Numbers 19 and 21-23.

The fourth category concerns testimony as to whether WAG received or reviewed working drafts of certain settlement agreements (Chart Nos. 6, 9, 17, and 20). The errata sheet changes Grywalski's testimony that WAG did not receive or review such agreements to either "WAG does not recall" or "I do not recall." Plaintiff contends that these "corrections [] seek to clarify that he misspoke." Opp. at 5. Not only does the transcript contain no indication of confusion on Gyrwalski's part, Plaintiff's errata changes would have the effect of retracting admissions made by Gyrwalski under oath. The Court finds this to be an impermissible use of an errata sheet, and therefore strikes the changes identified as Chart Numbers 6, 9, 17, and 20.

ORDER - 4

The fifth category relates to answers Gyrwalski provided to questions about whether certain agreements granted a license to use WAG's patents (Chart Nos. 29-30). Plaintiff's errata sheet changes Gyrwalski's testimony from "Yes" to "It provided a limited right to use WAG's patents, only to the extent necessary." In doing so, Plaintiff again seeks to replace Gyrwalski's answers with conflicting and substantively new testimony. Therefore, the Court strikes the changes identified as Chart Numbers 29-30.

The remaining corrections (Chart Nos. 24 and 28) are acceptable uses of an errata sheet. In Number 24, Plaintiff modifies Gyrwalski's testimony, that an entity had satisfied its payment obligations under a settlement agreement, so that it states that the entity "is current as to their payments but has not yet made all payments" under the agreement. The Court, recognizing that the question eliciting Gyrwalski's testimony may have been misleading, finds that Plaintiff's change was permissibly made to clarify the testimony and not to contradict it. *See Sudre v. The Port of Seattle*, No. 15-cv-0928, 2016 WL 7035062, at *5 (W.D. Wash. Dec. 2, 2016) (permitting errata's supplementation of "newly remembered facts" where deposition transcript reflected deponent's confusion). Similarly, in Chart Number 28, Plaintiff supplements Gyrwalski's testimony about certain patents in order to clarify the nature of those patents. The Court finds that this supplementation does not contradict Gyrwalski's testimony and is otherwise acceptable. Therefore, the Court will not strike Chart Numbers 24 and 28.

### B. The Parties' Motions to Seal

Plaintiff and Defendants separately move to seal the Grywalski deposition transcript in its entirety and publicly file a version of the Chart, as modified by Plaintiff, that redacts portions of the transcript contained therein. Dkts. 297, 301. In support of these motions, Plaintiff explains that the deposition transcript contains sensitive business information and litigation strategy

ORDER - 5

belonging to WAG, and that its public disclosure would cause significant harm to its business. The Court finds that Plaintiff has shown good cause for maintaining these materials under seal.

### III.     CONCLUSION

NOW, THEREFORE, the Court rules as follows:

1. The Court GRANTS in part Defendants' motion to strike portions of William Grywalski's deposition transcript errata sheet (Dkt. 298). The Court strikes the errata sheet corrections identified as Chart Numbers 1-23, 25-27, and 29-30.

2. The Court GRANTS Plaintiff's and Defendants' motions to seal (Dkts. 297, 301), and hereby orders that Dkts. 299 and 302 be maintained under seal.

IT IS SO ORDERED.

Dated:  September 28, 2022

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER - 6